# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   Plaintiff,

v.               Case No. 08-CR-324

**LABRONTE CONEY**
   Defendant.

## ORDER

On August 11, 2009, I sentenced defendant Labronte Coney to 24 months in prison followed by 5 years of supervised release on his guilty plea to aiding and abetting a bank robbery. As conditions of supervision, I required defendant to, inter alia, comply with drug testing and treatment, pay restitution to the bank, and provide access to all financial information. Released from prison on December 22, 2010, defendant now moves for early termination of his supervision term.

Under 18 U.S.C. § 3583(e)(1), the district court may grant early termination of supervised release at any time after the expiration of one year of supervision, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. Three elements must be satisfied to grant early termination: (1) the defendant must have completed at least one year of supervision; (2) the government must have been given notice and an opportunity to be heard; and (3) the court must find that termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). E.g., United States v. Mitchell, No. 03-CR-194, 2013 WL 4763966, at *1

(E.D. Wis. Sept. 4, 2013) (citing United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998)).

Defendant has served nearly three years of supervised release, and the government, contacted about the motion, indicated that it will defer to the probation office. (The probation office indicated that it takes no position.) I must accordingly determine whether early termination is warranted by defendant's conduct and the interest of justice.

"[T]he district court has wide discretion in determining whether to terminate an individual's term of supervised release." United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). Nevertheless, courts have generally required that the defendant show more than mere compliance; if simply following the rules were enough, any defendant who avoided revocation could obtain early termination. See, e.g., Medina, 17 F. Supp. 2d at 247. Courts have tended to grant early termination where the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, that his behavior has been exceptionally good, or that continued supervision may impede his rehabilitation. See United States v. White, No. 06-CR-50, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases). The defendant bears the burden of demonstrating that early termination is justified. Id.

I find early termination warranted here. First, defendant has fully complied with his conditions, completing substance abuse counseling, with no positive tests; satisfying all of his financial obligations; and reporting as directed. Most importantly, restitution has been paid in full. I originally imposed a 5 year term – the maximum allowed by statute – to ensure that defendant was monitored for possible recurrence of the substance abuse and financial

2

problems that contributed to his violations of law, see 18 U.S.C. § 3553(a)(1) & (a)(2)(B)-(D), and to ensure that restitution was paid, see 18 U.S.C. § 3553(a)(7). Those purposes have been satisfied, making further supervision unnecessary under § 3553(a).

Second, defendant has made good efforts to maintain employment. When not working full time, he has made efforts to better himself by taking college courses and obtaining various certifications. Specifically, he has while on supervision obtained certifications in cable wiring, waste management, and janitorial services, as well as taking classes at the University of Phoenix in financial advising. These efforts go above and beyond mere compliance.

Third, defendant indicates that he would like to relocate to North Carolina to join his fiancee, who has taken a job with the Durham County Sheriff's Office. They plan to marry and start a family, and defendant intends to enroll in school in North Carolina pursuing a degree in personal training. While a defendant on supervision may in some instances obtain a transfer to another district, given defendant's completion of testing and treatment, the satisfaction of his financial obligations, and his currently minimal level of supervision, completion of that process is unnecessary. Cf. White, 2012 WL 5198364, at *2 (denying early termination, in lieu of transfer, where the defendant continued to owe a substantial amount of buy money). Early termination of supervision will permit the desired relocation, enhancing defendant's rehabilitation, with no negative impact on public safety or the victim in this case.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 107) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2013.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

3